IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNON L. WILLIAMS, | : | CIVIL NO. 3:17-cv-1465 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| YORK COUNTY DISTRICT | : | |
| ATTORNEY OFFICE, *et al.*, | : | |
| | : | |
| Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# MEMORANDUM

On August 17, 2017, Petitioner Shannon L. Williams ("Petitioner"), a pretrial detainee presently confined at the York County Prison, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Because Petitioner is a pretrial detainee, the matter is appropriately considered a petition pursuant to 28 U.S.C. § 2241. See Glazewski v. United States, No. CV 16-3052 (RBK), 2017 WL 2899686, at *1 (D.N.J. July 6, 2017) collecting the following cases: "See Thomas v. New Jersey, No. 16–1436, 2016 WL 345701, at *1 (D.N.J. June 20, 2016) (construing habeas petition that was filed under § 2254 as one that is filed under § 2241 because petitioner is a state pretrial detainee); Smith v. Pennsylvania State Attorney Gen., No. 11–1813, 2011 WL 6012976, at *1 (M.D. Pa. Nov. 3, 2011) (holding that as a pretrial detainee, petitioner was not in custody pursuant to a state court judgment and could not proceed under § 2254, but could proceed under § 2241), report and recommendation

adopted, 2011 WL 6012933 (M.D. Pa. Dec. 1, 2011); Avila v. New Jersey, No. 07–3387, 2007 WL 2682937, at *4 n.4 (D.N.J. Sept. 6, 2007)." Federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a state court criminal judgment is entered. See Moore v. De Young, 515 F.2d 437, 441– 42 (3d Cir. 1975); see also Duran v. Thomas, 393 F. App'x. 3, 4 (3d Cir. 2010) (stating "[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotation marks and citations omitted). Accordingly, this Court will construe the petition as one filed pursuant to 28 U.S.C. § 2241.

For the reasons set forth below, the petition will be denied.

## I. Background

On March 19, 2014, Petitioner allegedly physically assaulted the victim and threatened her with a gun. This conduct resulted in being charged in York County Criminal Case Number CP-67-CR-00002349-2014, with multiple drug offenses, possession of a firearm by person not to possess a firearm in violation of 18 PA.C.S. § 6105(a)(1), terroristic threats, reckless endangerment, simple assault and harassment. (Doc. 1, pp. 85, 86). The same incident also generated a federal indictment on one count of possession of a firearm by a person previously convicted of a crime punishable by imprisonment to a term exceeding one year, pursuant to 18 U.S.C. § 922(g)(1). (Id.)

On April 7, 2015, he was found not guilty of the federal charge following a jury trial. (Id. at 86). On July 13, 2015, following the federal acquittal, he filed a motion to

dismiss the state charge pursuant to 18 PA.C.S. § 111. (Id.) The Court of Common Pleas of York County denied the motion on October 9, 2015. (Id.) He timely appealed to the Superior Court of Pennsylvania. The Superior Court affirmed the trial court concluding that the court properly denied the motion to dismiss. (Id. at 92). Petitioner subsequently filed a Petition for Allowance of Appeal, which was denied on June 6, 2017. (Doc. 1-1, p. 11). The instant petition followed.

In the matter *sub judice*, Petitioner is challenging the state courts' denial of his motion to dismiss the York County criminal charges against him on the grounds of double jeopardy. (Doc. 1, p. 2). The matter is presently stayed in state court "pending what deft. is doing in federal court." (Criminal Docket CP-67-CR-00002349-2014, p. 14).

## II. Discussion

### A. Exhaustion

Although exhaustion is not mentioned in 28 U.S.C. § 2241(c)(3), which empowers a district court to issue the writ in a pretrial context, the exhaustion requirement stems from 28 U.S.C. § 2254(b)(1)(A), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The Third Circuit has recognized that, "although there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." Moore

3

v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975); see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir.2000); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Thus, Petitioner must have exhausted his state court remedies with regard to his double jeopardy claim before this Court can consider its merits.

A petitioner must invoke "one complete round of the state's established appellate review process" to exhaust state remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The petitioner bears the burden of showing that all claims alleged have been "fairly presented" to the state courts; "it is not enough that the petitioner presents to the state court the facts upon which a federal claim is based." Brown v. Cuyler, 669 F.3d 155, 158 (3d Cir. 1982) (per curiam). Nonetheless, unless the petitioner demonstrates "extraordinary circumstances," federal courts should not issue writs of habeas corpus at the pretrial stage. Moore, 515 F.2d at 443.

Respondents first contend that the petition is subject to dismissal based on Petitioner's failure to exhaust. We disagree. A habeas petitioner "need not have cited 'book and verse' of the federal constitution" in order to "fairly present" a federal claim at the state level for purposes of exhaustion. McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir.1999). The claim may be presented through any of the following mechanisms: (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases utilizing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) inclusion of a pattern of facts that is well within the mainstream of constitutional

4

litigation. Id. at 261-62 (quoting Evans v. Court of Common Pleas, Del. County, Pa., 959 F.2d 1227, 1232 (3d Cir.1992)). Petitioner's Motion to Dismiss pursuant to 18 Pa.C.S.A. § 111 before the Court of Common Pleas and his appellate briefs, reveal that Petitioner asserted his double jeopardy claim "in terms so particular as to call to mind" the constitutional protections of double jeopardy. Id.; (Doc. 1, pp. 57-65, 85-100; Doc. 1-1, pp. 1-10, 38-55). As such, he fully exhausted his federal double jeopardy claim prior to filing his federal habeas petition.

### B. Merits of the Claim

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.' " U.S. Const. amend. V. However, this protection is limited by the doctrine of dual sovereignty. United States v. Piekarsky, 687 F.3d 134, 149 (3d Cir. 2012). "The 'dual sovereignty' doctrine rests on the premise that, where both sovereigns legitimately claim a strong interest in penalizing the same behavior, they have concurrent jurisdiction to vindicate those interests and neither need yield to the other." United States v. Pungitore, 910 F.2d 1084, 1105 (3d Cir. 1990); see Bartkus v. Illinois, 359 U.S. 121, 132-33 (1959) (concluding that separate federal and state prosecutions for same conduct does not violate double jeopardy clause); United States v. Lanza, 260 U.S. 377, 382 (1922) (stating that "[A]n act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each."). The doctrine articulated by the Supreme Court is a recognition of the fact that the

5

states and the federal government are separate sovereigns, with distinct interests in criminalizing and prosecuting certain conduct. Piekarsky, 687 F.3d at 149. The Supreme Court has plainly and repeatedly stated that two identical offenses are not the "same offence" within the meaning of the Double Jeopardy Clause if they are prosecuted by different sovereigns. See, e.g., Lanza, 260 U.S. 377 (same conduct, indistinguishable statutes, same "interests"). "Indeed, under the doctrine of dual sovereignty, dual federal and state prosecutions do not, standing alone, represent a violation of the Fifth Amendment's proscription against double jeopardy. Id. (citing U.S. v. Gricco, 277 F.3d 339, 352 (3d Cir.2002) (citing Abbate v. U.S., 359 U.S. 187, 194, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); Bartkus v. Ill., 359 U.S. 121, 137, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); U.S. v. Lanza, 260 U.S. 377, 382, 43 S.Ct. 141, 67 L.Ed. 314 (1922))); U.S. v. Berry, 164 F.3d 844, 846 (3d Cir.1999)." United States v. Perry, 79 F. Supp. 3d 524, 529 (D.N.J. 2015).

This Court is constrained by existing Supreme Court precedent. As such, we are compelled to conclude that the Double Jeopardy Clause does not bar the successive state prosecution of Petitioner for conduct for which he was already prosecuted in federal court.[1]

---

[1] Some federal courts have recognized the "Bartkus exception" to the Dual Sovereignty rule. The exception stems from language in which the Supreme Court "alluded to the possibility that dual federal and state prosecutions might run afoul of the general rule affirming such prosecutions if one authority was acting as a surrogate for the other, or if the state prosecution was merely 'a sham and a cover for a federal prosecution.'" United States v. Berry, 164 F.3d 844, 846 (3d Cir.1999) (quoting Bartkus, 359 U.S. at 123–24). Petitioner does not allege that one authority was acting as a surrogate for the other or that the state prosecution is a sham and cover.

## III. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be denied.

A separate Order will enter.

                              **BY THE COURT:**

                              **s/James M. Munley**
                              **JUDGE JAMES M. MUNLEY**
                              **United States District Court**

Dated:    October 22, 2018